UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JUVENTINO GENCHI-ANGEL,<br><br>　　　　　　　　Defendant. | Case No.: 18-mj-20277-JMA-CAB<br><br>**ORDER ON APPEAL [Doc. No. 10]** |

This matter comes before the Court on Defendant's Notice of Appeal to the District Court pursuant to 18 U.S.C. § 3402. [Doc No. 10.] On July 19, 2018, Juventino Genchi-Angel was charged with misdemeanor illegal entry, in violation of 8 U.S.C. § 1325(a)(2). [Doc. No. 1.] At his initial appearance before the magistrate judge on July 20, 2018, Mr. Genchi entered a plea of guilty and was sentenced to time-served. [Doc. No. 3.] He was released from custody that same day. [Doc. No. 7.] He now appeals his conviction.

Mr. Genchi argues that the magistrate judge erred in his conduct of the change of plea proceeding by failing to personally address the defendant as required by Federal Rule of Criminal Procedure 11(b)(1), and the error affected the defendant's substantial rights. Mr. Genchi therefore moves to have his conviction vacated and his case remanded

for further proceedings before the magistrate judge. [Doc. No. 13.] The appeal is timely, and this Court has jurisdiction.

## I. Factual Background

Mr. Genchi was charged with being a citizen of Mexico without authorization to be in the United States who entered the United States in the Southern District of California on July 19, 2018 in an area west of the Otay Mesa Port of Entry. [Doc. No.1.] He was arrested by a U.S. Border Patrol agent at approximately 9:50 a.m. and taken to a Border Patrol Station. The next morning, he was transported to court and provided counsel. That afternoon he and his counsel appeared before the magistrate judge in a group of eight defendants, all charged with a violation of 8 U.S.C. § 1325(a)(2), for their initial appearances. [Doc. No. 13-1, at 32-33.][1]

The defendants were sworn and the court proceeded to inform the defendants collectively as to their rights pursuant to Rule 58(b)(2). [Id., at 37-39.] Conditions of release however were not addressed for this group of defendants, including Mr. Genchi. Instead, the magistrate judge stated his understanding that it was the intention of this group of defendants to plead guilty at that time, and be sentenced immediately, in exchange for the government's promise to recommend a particular sentence and not pursue more serious charges related to their illegal entry, if any.[2] [Id., 45-46.] The record reflects a collective response of "yes" to that general inquiry, not attributable to any particular defendant in the group. [Id., at 46.]

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

[2] Mr. Genchi's counsel objected to the magistrate judge's procedure requiring her client to waive having a bond hearing if he was electing to enter a guilty plea at the instant hearing, arguing that it placed an "unreasonable constraint on his decision about pleading guilty." The court responded that if Mr. Genchi was not prepared to enter a plea, the court would set bond, but a plea would then be taken at a later date. Counsel replied that it was Mr. Genchi's desire to plead guilty, despite her reservations about the voluntariness of his decision in light of this requisite choice. [Doc. No. 13-1, at 35-36.]

The magistrate judge then proceeded with the Rule 11(b) colloquy. He advised the eight defendants of their rights, the charge, and the potential penalties. [Id., at 45-48, 50-51.] The record reflects that after each advisement or inquiry there was a collective response through the interpreter ("yes as to all" or "no as to all"),[3] not attributable to any particular defendant in the group. [Id.]

The magistrate judge also collectively stated the factual basis supporting the charge, as follows:

> THE COURT: I'm now going to discuss with you the factual basis for your plea. On the date charged in the complaint, did each of you enter the United States from Mexico?
>
> THE DEFENDANT THROUGH THE INTERPRETER: Yes; as to all defendants.
>
> THE COURT: At that time, was each of you a citizen of the United States?
>
> THE DEFENDANT THROUGH THE INTERPRETER: No; as to all defendants.
>
> THE COURT: When you entered the United States, did you knowingly elude examination or inspection by United States immigration officers?
>
> THE DEFENDANT THROUGH THE INTERPRETER: Yes; as to all defendants.

[Id., at 51-52.]

Mr. Genchi's counsel then supplemented her client's factual basis adding that "he entered a quarter mile west of the Otay Mesa California Port of Entry." [Id., at 52.]

The magistrate judge then concluded:

> THE COURT: Again, addressing all of the defendants. After all we've talked about here this afternoon and knowing the maximum sentence you might receive and the rights each of you is giving up by pleading guilty, does each of you still wish to plead guilty today?

---

[3] In response to the magistrate judge's question, "[a]nd does each of you wish to plead guilty, notwithstanding the potential immigration consequences of doing so?" the record reflects "Yes; as to all defendants --- some." [Doc.No. 13-1, at 51.] There was no further inquiry to clarify this ambiguous response.

|   | THE DEFENDANT THROUGH THE INTERPRETER: Yes; as to all defendants.
1  |
2  | THE COURT: And how does each of you plead to the charge? Guilty or not
3  | guilty?
4  | THE DEFENDANT THROUGH THE INTERPRETER: Guilty, as to all
5  | defendants.

[Id., at 54.] The magistrate judge then proceeded to sentencing each defendant individually. [Id., at 58-60.]

Although defense counsel made a number of objections regarding the proceedings, no objection was made by Mr. Genchi's counsel, or any other defense counsel present at the time, that this plea colloquy violated Rule 11(b). Defendant raises this objection for the first time on appeal.

## II. Legal Standard

Federal Rule of Criminal Procedure 11(b) requires that during a plea proceeding, the court "address the defendant personally in open court." Fed.R.Crim.P 11(b)(1). This requires that the court question the defendant individually to ensure he understands his rights. *U.S. v. Arqueta-Ramos*, 730 F. 3d 1133, 1135 (9th Cir. 2013) (defendants may be advised of their rights *en masse,* but Rule 11 requires the court ensure that each defendant individually understands them).

In *Arqueta-Ramos*, the court addressed defendants, all charged with the same offense, in groups of five, and accepted group responses through an interpreter of "all answer yes" or "all answer no." *Id*., at 1139. The appellate court held that "such small-group questions, unlike individual questioning, cannot "render the court's general advisement sufficiently 'personal,'" so as to satisfy Rule 11(b)(1). *Id.* The court must ensure that each individual defendant understands the nature of the charge, his rights, and the potential penalties by questioning individually to ascertain whether there is an understanding. *Id.* at 1138. Collective responses are not sufficient.

A defendant's appeal of a Rule 11 error on the grounds that the magistrate judge failed to personally address him is reviewable only for plain error if he does not preserve

an objection at the time of the plea colloquy. *U.S. v. Roblero-Solis,* 588 F.3d 692, 700-01 (9th Cir. 2009) (the Rule 11 errors were not preserved so plain error is the standard applied on appeal). To establish plain error, the defendant must demonstrate (1) error, that is (2) clear or obvious rather than subject to reasonable dispute, and that (3) affected the appellant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). It is therefore Mr. Genchi's burden to show reasonable probability, informed by the entire record, that but for the error, he would not have entered the plea. *U.S. v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If the defendant meets this burden, the court may, in its discretion, remedy the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett,* 556 U.S. at 135.

### III. Discussion

The court did not err by advising the defendants of their rights in a group of eight. *Arqueta-Ramos*, 730 F. 3d 1135. Further, the advisements complied with the requirements of Rule 11. The court did however, err by not questioning Mr. Genchi individually to ensure that he understood his rights. *Id.* The plea proceeding as reflected by the transcript, demonstrating only the collective responses of the eight defendants through the interpreter, with no individual inquiry, was a clear error. Having satisfied that part of his burden, the defendant must also demonstrate that he would not have entered his plea had he been addressed individually.

The defendant has not met this burden. The record reflects that Mr. Genchi met with counsel before the hearing, was informed he could seek bond, or alternatively waive his right to a bond determination and enter a guilty plea that day. His counsel repeatedly stated it was Mr. Genchi's desire to go forward with a guilty plea. [Doc. No. 13-1 at 35-37.] Mr. Genchi has not demonstrated that he misunderstood his rights or that his decision was involuntary, and had he been addressed personally he would have withdrawn from his stated intent to plead guilty.

His counsel expressed her concern that her client faced unreasonable pressure to proceed with a plea at his initial appearance because he had to waive his right to a bond

5

hearing if he wanted to obtain the government's recommendation for a time served sentence. Despite her reservations, she also stated that she believed his plea to be voluntary and she wanted to be clear that it was Mr. Genchi's desire to go forward with his plea. [Id., at 35, 53.]

Defendant's appeal focuses less on the nature of plea colloquy itself, and largely on an argument that the conditions of confinement at border patrol stations are so deplorable defendants are coerced into involuntary or incompetent pleas, so his plea should be set aside. Mr. Genchi however made no factual showing at his initial appearance, or with his appeal, that he was personally subjected to any such coercive conditions or that his overnight experience with border patrol rendered him incompetent to enter an informed and voluntary plea.

Moreover, there is no evidence in the record of the alleged general coercive conditions, only counsel's representations purportedly based on second and third-hand reports. Mr. Genchi correctly notes in his reply brief that it is not proper for the court to take judicial notice of the conditions alleged, simply because they are repeatedly alleged in court proceedings. [Doc. No. 20, at 4, fn.2.] While such alleged conditions are disturbing and unacceptable, attorney argument alone does not create a factual record. More importantly, this defendant has not asserted he was subjected to such deplorable conditions that he felt coerced him into an involuntary guilty plea to get relief from his conditions of confinement. Nor has he argued that had the court solicited an individual response from him during the Rule 11 colloquy to the question of whether he was pleading guilty of his "own free will and volition, free of any threats, duress or coercion?" his individual response would have been different than the reported collective "yes." [Doc. No. 13-1, at 47.]

During the plea proceeding, counsel did object to the adequacy of the court's stated factual basis for a 1325 violation, and supplemented the record with specifics regarding the nature of Mr. Genchi's entry. [Id., at 52.] Consequently, counsel corrected any error resulting from the collective response to the court's inquiry as to the factual

6

basis by adding her client's details.  Further this demonstrated why her client would be willing to go forward with a plea, as he admitted through counsel, he entered the United States, not at a designated port of entry, but a quarter mile west of the port.[4]

Despite the error in the plea proceeding of not personally addressing the defendant, the defendant has not established to a reasonable probability that but for that error he would not have entered a guilty plea.  The judgment and sentence are **AFFIRMED**.

It is **SO ORDERED**.

Dated:  September 18, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[4] This supplemental factual finding may have been intended to preserve a challenge to the elements of a 1325 conviction, but that is not the issue raised by this appeal.  The clarification to this defendant's plea colloquy does however support a finding that the defendant was knowingly and intelligently participating in the plea proceeding.

7